Todd E. Zenger (5238)
Dax D. Anderson (10168)
KIRTON & McCONKIE
1800 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Phone: (801) 328-3600
Fax: (801) 321-4893
Email: tzenger@kmclaw.com
Email: danderson@kmclaw.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| CLEANCUT, LLC, an Arizona entity,<br><br>       Plaintiff,<br><br>  vs.<br><br>RUG DOCTOR, a Delaware entity *dba* Nature's Finest Candles, NATURE'S FINEST CANDLES, a Texas entity, and JOHN DOES 1-10<br><br>       Defendants. | Civil Action No.  2:08-cv-836<br><br>Judge Clark Waddoups<br><br><br>COMPLAINT<br>AND<br>JURY DEMAND |

Plaintiff, CleanCut Manufacturing, Inc., by and through their attorneys, complaining of Rug Doctor, Nature's Finest Candles, and John Does 1-10, seeks judgment and other relief and alleges:

## JURISDICTION, VENUE

1.      This action arises under the patent laws of the United States.  35 U.S.C. § 1 et. seq. (patent statute) and 15 U.S.C. § 1 et. seq. (Lanham Act).  Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1338.  Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400.

## PARTIES

2.      Plaintiff, CleanCut is an Arizona entity, organized, licensed and operating under the laws of the State of Utah with a principal place of business at 1376 West 8040 South, Suite 6, Salt Lake City, Utah 84123 LLC ("CleanCut").  By assignment and agreement, CleanCut has all necessary legal rights to bring this action.

3.      Rug Doctor is a Delaware entity having a place of business at 4701 Old Shepard Place, Plano, TX 75093, phone 972-673-1400 ("Rug Doctor") and is doing and/or facilitating business in Utah and in this judicial district.

4.      Upon information and belief, Nature's Finest Candles is a Texas entity having a place of business at 1707 Colt Circle, Marble Falls, Texas 78654, phone 800-964-6804 ("NFC"), and is doing business in Utah and in this judicial district.

5.      Rug Doctor is doing business as Nature's Finest Candles, and/or NFC is a subsidiary of Rug Doctor.

6.      John Does 1-10 manufacture, distribute and/or import the infringing product into the United States and/or into Utah for Rug Doctor and NFC.

7.      Rug Doctor, NFC and John Does 1-10 are included in the collective terms "Defendants."

## INTRODUCTION

8.      Defendants have copied CleanCut's patented candle wick trimmer.  Defendants actively induce customers to practice CleanCut's patented methods.  Defendants' infringing conduct violates CleanCut's patent rights and causes harm to CleanCut.

GENERAL ALLEGATIONS

9. This case relates to United States Patent No. 7,047,851 ("the '851 Patent")[1] for a candle wick trimmer and methods of trimming candle wicks.

10. CleanCut designs, develops, produces, markets, sells and distributes candle wick trimmers. CleanCut has contracted with certain manufacturers over time to produce candle wick trimmer described and claimed in the '851 Patent.

11. CleanCut's business is throughout the United States, including the state of Utah and this judicial District.

12. CleanCut has all right title and interest in the '851 patent.

Copying by Defendants

13. Without authorization from CleanCut, one or more of the Defendants make, export, import, sell or offer for sale candle wick trimmers in this judicial District and in the United States. In particular, one or more the Defendants make, export, import, sell or offer for sale wick trimmer device which Defendants describe as follows: "Trimming your candle to the proper ¼" length is the most important part of candle care. Before you light your candles, use Nature's Finest Wick Trimmer every time. It trims wicks to the perfect length, maximizing the burn time and quality of your candles." (Infringing Product).

14. The structure of the Infringing Product copies the structure disclosed and claimed by the '851 patent.

15. The function of the Infringing Product copies the function disclosed and claimed by the '851 patent.

16. The promotional materials used by the Defendants to market and sell Infringing Product actively teach and encourage third parties to use the methods disclosed and claimed by the '851 patent.

---

[1] Including Certificate of Correction, dated November 15, 2006.

17. Defendants have copied CleanCut source of wick trimmers: on information and belief one or more Defendants are buying wick trimmer from the same manufacturer that has made wick trimmer for CleanCut.

18. Defendants promote, sell and offer for sale the Infringing Product in Utah and throughout the United States, including via www.naturesfinestcandles.com.

19. John Does 1-10 manufacture, distribute and/or import Infringing Product for Rug Doctor and/or NFC into the United States and/or Utah which products have no substantial non-infringing use.

20. The Infringing Products include structure protected by one or more of apparatus claims 3-29 of the '851 ("Asserted Claim(s)"),

21. Without authorization from CleanCut, Defendants have used and/or are using methods of trimming candle wicks to a predetermined length ("Infringing Method").

22. Without authorization from CleanCut, Defendants have has actively induced and/or are actively inducing customers and/or third parties to use Infringing Methods protected by one or more of claims 1-2 of the '851 Patent (also "Asserted Claim(s)") in the United States, including in this judicial district.

23. Defendants' conduct constitute infringement of the '851 Patent.

### Harm and Damage to CleanCut

24. The forgoing conduct of Defendants has caused and will continue to cause irreparable harm to CleanCut.  The conduct of Defendants is knowing and willful and will continue to be knowing and willful unless enjoined by this Court.

25. The forgoing conduct of Defendants has caused and will continue to cause damage to CleanCut.  The conduct of Defendant is knowing and willful and will continue to be knowing and willful unless remedied by this Court by ordering Defendants to pay money damages, including increased damages up to three times as permitted by law.

26. Because the conduct of Defendants is knowing and willful, this is an exceptional case in which Defendants be required to pay CleanCut's attorneys fees.

## FIRST CLAIM FOR RELIEF
(Judgment of Direct Infringement of the '851)

27.     CleanCut incorporates by reference paragraphs 1 through 26 of this Complaint as though set forth here in full.

28.     Pursuant to patent laws of the United States, the forgoing acts of Defendants related to the Infringing Product constitute direct infringement of one or more the Asserted Claims of the '851 Patent.

29.     CleanCut requests the Court to find that the acts of Defendants related to the Infringing Product constitute direct infringement of one or more of the Asserted Claims of the '851 Patent.

30.     CleanCut requests the Court to find the direct infringement of Wickman has been willful, in bad faith and/or in reckless disregard of the rights of CleanCut.

## SECOND CLAIM FOR RELIEF
(Judgment of Inducing Infringement of the '851 Patent)

31.     CleanCut incorporates by reference paragraphs 1 through 30 of this Complaint as though set forth here in full.

32.     Pursuant to patent laws of the United States, the forgoing acts of Defendants related to the Infringing Product constitute inducing infringement of one or more of the Asserted Claims of the '851 Patent.

33.     CleanCut requests the Court to find that the acts of Defendants related to the Infringing Product constitute inducing infringement of one or more of the claims of the '851 Patent

34.     CleanCut requests the Court to find that the induced infringement of Defendants has been willful, in bad faith and/or in reckless disregard of the rights of CleanCut.

THIRD CLAIM FOR RELIEF
(Judgment for Contributory Infringement of the '851 Patent)

35.     CleanCut incorporates by reference paragraphs 1 through 34 of this Complaint as though set forth here in full.

36.     Pursuant to patent law of the United States, the foregoing acts of John Does 1-10 related to the Infringing Product constitute contributory infringement of one or more of the Asserted Claims of the '851 patent.

37.     CleanCut requests the Court to find that the acts of John Does 1-10 related to the Infringing Product constitute contributory infringement of one ore more claims of the '851 patent.

38.     CleanCut requests the Court to find that the contributory infringement of John Does 1-10 has been willful, in bad faith and/or in reckless disregard of the rights of CleanCut.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CleanCut, prays for judgment and relief as follows:

a.      Judgment in favor of CleanCut finding that Defendants are liable for direct infringement of the '851 Patent.

b.      Judgment in favor of CleanCut finding that Defendants are liable for inducing infringement of the '851 Patent.

c.      Judgment in favor of CleanCut finding that John Does 1-10 are liable for contributory infringement of the '851 patent.

d.      An accounting to CleanCut for and an award of any and all ascertainable damages to CleanCut, to be determined at trial, related to the unlawful acts of Defendants.

e.      Judgment in favor of CleanCut that damages should be increased up to three times.

f.      For temporary, preliminary and permanent injunctive relief ordering Defendants to refrain from further infringing any claims of the '851 Patent or claiming patent pending status of the Infringing Product.

 g.  For reasonable attorney's fees.

 h.  For costs of suit incurred in his action.

 i.  For such further relief as the Court may deem proper.


## JURY DEMAND

A demand is hereby made for trial by jury.

DATED this 30th day of October, 2008.

        KIRTON & McCONKIE

      By: s/Todd E. Zenger
        Todd E. Zenger
        Dax D. Anderson

      Attorneys for Plaintiff
      CLEANCUT LLC