IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CLEANCUT, LLC, an Arizona entity,<br><br>Plaintiff,<br>v.<br><br>RUG DOCTOR, a Delaware entity dba Nature's Finest Candles; NATURE'S FINEST CANDLES, a Texas entity; and JOHN DOES 1-10,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:08cv836<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Paul M. Warner |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Rug Doctor, et al.'s (collectively, "Defendants") motion to compel CleanCut, LLC ("Plaintiff") to produce its initial disclosures under rule 26(a)(1)(A) of the Federal Rules of Civil Procedure.[2] The court has carefully reviewed the memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice ("local civil rules"), the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 25.

[2] *See* docket no. 20.

Defendants filed the instant motion seeking an order compelling Plaintiff to produce its rule 26(a)(1)(A) initial disclosures, which, at the time the motion was filed, were overdue by eighteen days. Defendants assert that their counsel attempted to contact counsel for Plaintiff prior to filing the instant motion as required by rule 37-1(a) of the local civil rules. *See* DUCivR 37-1(a). Specifically, Defendants contend that nine days before filing the instant motion, their counsel left a voice mail for Plaintiff's counsel requesting Plaintiff's initial disclosures. Defendants maintain that Plaintiff's counsel did not respond to this request, necessitating the filing of the instant motion.

In response, Plaintiff asserts that it has no record of any call or voice mail message left by counsel for Defendants. Nevertheless, Plaintiff asserts, Defendants' motion is now moot because, while Plaintiff's initial disclosures were indeed delayed by a "docketing error," they have since been served.[3]

While Defendants acknowledge their receipt of Plaintiff's initial disclosures, albeit over a month past their due date, they argue that the disclosures are inadequate under rule 26(a)(1)(A). The court agrees and has thus determined that Defendants' motion is not moot.

Under rule 26(a)(1)(A)(i), a party must provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information–along with the subjects of that information–that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). In its initial

---

[3] Docket no. 23 at 1.

disclosures, Plaintiff provided only the names and addresses of two individuals likely to have discoverable information. Plaintiff, however, failed to provide a telephone number, if known, and the subjects of the discoverable information in the possession of the individuals as required. As such, Plaintiff's initial disclosures are inadequate under this subsection.

In addition, under rule 26(a)(1)(A)(ii), a party must provide "a copy–or a description by category and location–of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii). In its attempt to satisfy this requirement, Plaintiff set forth the following in its initial disclosures: "General Business Documents and Documents related to patent at our offices PO Box 12048 Chandler Arizona 85248 or counsel office Kirton and McConkie."[4] Plaintiff failed to provide a copy or, at the very least, a description of the documents, electronically stored information, or tangible things by category. Furthermore, Plaintiff stated that the documents are located at Plaintiff's offices but provided a P.O. Box as the location. Thus, Plaintiff's initial disclosures under this subsection are insufficient as well.

Based on the foregoing, the court concludes that Plaintiff must supplement its initial disclosures by providing (1) the subjects of the discoverable information in each witnesses' possession, along with a phone number, if known; (2) a sufficiently detailed list of categories of

---

[4] Docket no. 24, exhibit 1, at 2.

documents, for instance, financial statements, tax documents, patent prosecution documents, etc.; and (3) the location, including a street address, of the discoverable information.

Defendants also ask this court to compel information required under rule 26(a)(1)(A)(iii), which provides, in relevant part, that a party must disclose "a computation of each category of damages claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(A)(iii). In its initial disclosures under this category, Plaintiff states that it has "[n]one to date."[5] As the 1993 advisory committee notes to rule 26 explain, "a party would not be expected to provide a calculation of damages which, as in many patent infringement actions, depends on information in the possession of another party or person." Fed. R. Civ. P. 26 advisory committee notes, 1993 amend. Because this is a patent infringement action, the court will not require Plaintiff to provide information as to its damage calculations at this time. However, as the information becomes available through discovery, the court expects Plaintiff to supplement its initial disclosures as required by rule 26(e). *See* Fed. R. Civ. P. 26(e).

Lastly, the court notes that while rule 26(a)(1)(A) initial disclosures are not meant to be a comprehensive discovery tool, Plaintiff is required to provide, "without awaiting formal discovery requests, certain basic information that is needed in most cases to prepare for trial or make an informed decision about settlement." Fed. R. Civ. P. 26 advisory committee notes, 1993 amend. The court cautions Plaintiff that failure to comply with the initial disclosure requirement, and subsequent supplementation, may preclude the admission of undisclosed

---

[5] *Id.*

witnesses or evidence. Furthermore, it is not lost on the court that Plaintiff did not meet its initial disclosure requirements until after a motion to compel was filed. The court will not tolerate discovery gamesmanship in the future. While the court declines to award attorney fees and costs in this particular instance, the court is willing to do so in the future if either party does not make every good faith effort to comply with the discovery rules and orders of this court. The court expects a high level of professionalism from all parties throughout the remainder of this litigation.

In summary, Defendants' motion to compel Plaintiff's rule 26(a)(1)(A) initial disclosures is **GRANTED IN PART AND DENIED IN PART**. Plaintiff must supplement its initial disclosures within twenty (20) days of the date of this order as set forth above.

**IT IS SO ORDERED.**

DATED this 20th day of October, 2009.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge