# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **CLEANCUT, LLC, an Arizona entity,** | **MEMORANDUM DECISION AND ORDER** |
| Plaintiff, | |
| v. | |
| **RUG DOCTOR, a Delaware entity dba Nature's Finest Candles; NATURE'S FINEST CANDLES, a Texas entity; and JOHN DOES 1-10,** | Case No. 2:08cv836 |
| | District Judge Dale A. Kimball |
| Defendants. | Magistrate Judge Paul M. Warner |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are (1) CleanCut, LLC's ("Plaintiff") motion for entry of its proposed protective order[2] and (2) Rug Doctor, et al.'s (collectively, "Defendants") cross-motion for entry of their proposed protective order.[3] The court has carefully reviewed the memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 25.

[2] *See* docket no. 27.

[3] *See* docket no. 29.

Plaintiff and Defendants have agreed upon every provision of a proposed protective order in this matter except for one: the appropriate procedure when privileged documents are inadvertently disclosed in discovery. The disputed provision is contained in paragraph 24 of Plaintiff's proposed protective order. Plaintiff requests that the court order paragraph 24 to state, in relevant part, the following:

> Rule of Civil Procedure 26(b)(5)(B) and Rule of Evidence 502 are applicable to this case and are hereby incorporated by reference as if fully set forth herein. Any party who inadvertently produces documents subject to any legal privilege may, upon written notice to the other party, recall the documents inadvertently produced. The non-producing party may seek the Court's assistance to recover the inadvertently produced documents.[4]

In contrast, Defendants contend that because rule 26(b)(5)(B) of the Federal Rules of Civil Procedure and rule 502 of the Federal Rules of Evidence are specifically incorporated into the protective order and provide the established procedure to use when privileged documents are inadvertently disclosed in discovery, Plaintiff's insertion of the last two sentences in paragraph 24 above is unnecessary. The court agrees.

Rule 502(b) of the Federal Rules of Evidence provides the following regarding the waiver of protected materials inadvertently disclosed:

> When made in a Federal proceeding or to a Federal office or agency, the disclosure does not operate as a waiver in a Federal or State proceeding if: (1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

---

[4] Docket no. 28-3 at ¶ 24.

Fed. R. Evid. 502(b). In addition, rule 26(b)(5)(B) of the Federal Rules of Civil Procedure provides the following:

> If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

Fed. R. Civ. P. 26(b)(5)(B).

The court has reviewed paragraph 24 of Plaintiff's proposed protective order in conjunction with the above-stated rules. The court concludes that the addition of the two disputed sentences is unnecessary and complicates the procedure set forth in rule 26(b)(5)(B) of the Federal Rules of Civil Procedure for addressing inadvertent disclosure. In particular, the rule allows the non-producing party to either return, sequester, or destroy the allegedly privileged information prior to the determination of whether the documents are privileged either through informal means or court intervention. *See id.* Including a provision in the protective order that permits the producing party to recall the documents prior to a determination of the privilege and the non-producing party to seek court intervention after the documents have already been returned, adds confusion to the procedures set forth in rule 26(b)(5)(B). Plaintiff cannot explicitly adopt the procedures of rules 502 and 26(b)(5)(B) and then provide an optional alternative method for addressing this issue. The use of the term "may" in paragraph 24 makes Plaintiff's preferred procedure voluntary so that it is unclear whether the materials must or may

be returned prior to the determination of privilege.  Of course, the parties may agree to a different procedure for handling the inadvertent disclosure of protected information; however, in this case, Defendants are unwilling to agree to Plaintiff's proposed procedure.  As such, the court believes that adherence to the established procedures set forth in the rules is appropriate.

Furthermore, while the court appreciates Plaintiff's efforts to conserve the resources of both the court and the litigants, the court concludes that Plaintiff's proposed addition fails to achieve its purported goal.  If anything, the confusion it creates would likely necessitate court intervention.  Based on the foregoing, Plaintiff's motion for entry of its protective order is **DENIED** and Defendants' motion for entry of their protective order is **GRANTED**.  The court will enter Defendants' proposed protective order immediately upon entry of the instant order.

**IT IS SO ORDERED.**

DATED this 14th day of January, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge