# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **CLEANCUT, LLC, an Arizona entity,** <br><br> **Plaintiff,** <br> v. <br><br> **RUG DOCTOR, a Delaware entity dba Nature's Finest Candles; NATURE'S FINEST CANDLES, a Texas entity; and JOHN DOES 1-10,** <br><br> **Defendants.** | **REPORT AND RECOMMENDATION** <br><br><br> **Case No. 2:08cv836** <br><br><br> **District Judge Dale A. Kimball** <br><br> **Magistrate Judge Paul M. Warner** |

Before the court is Rug Doctor, et al.'s (collectively, "Defendants") motion to dismiss CleanCut, LLC's ("Plaintiff") complaint pursuant to rules 37 and 41 of the Federal Rules of Civil Procedure.[1] *See* Fed. R. Civ. P. 37(b)(2)(A), 41(b). This motion was referred to Magistrate Judge Paul M. Warner by District Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(B).[2] The court has carefully reviewed the motion and memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

---

[1] *See* docket no 38.

[2] *See* docket no. 45.

**BACKGROUND**

Plaintiff filed this action for patent infringement on October 30, 2008.[3] Plaintiff is the owner of U.S. Patent No. 7,047,851 (" '851 Patent"), which relates to a candlewick trimmer and method for trimming candlewicks. On November 24, 2008, Defendants filed their answer, as well as counterclaims for declaratory judgment of non-infringement and invalidity of the '851 Patent.[4] The scheduling order required the parties to serve their initial disclosures by June 1, 2009.[5] Because Plaintiff failed to serve its initial disclosures by this date, Defendants filed a motion to compel production of Plaintiff's initial disclosures.[6]

On July 2, 2009, after Defendants filed their motion, Plaintiff served its initial disclosures on Defendants.[7] In its memorandum in opposition to Defendants' motion to compel, Plaintiff argued that it had fulfilled its obligations under rule 26(a)(1) of the Federal Rules of Civil Procedure and requested that Defendants' motion be withdrawn.[8] On October 20, 2009, this court issued a Memorandum Decision and Order ("Order") granting in part and denying in part Defendant's motion.[9] This court ruled, in relevant part, that Plaintiff's initial disclosures were

---

[3] *See* docket no. 2.

[4] *See* docket no. 5.

[5] *See* docket no. 19.

[6] *See* docket no. 20.

[7] *See* docket no. 23.

[8] *See* docket no. 23.

[9] *See* docket no. 26.

2

inadequate and ordered Plaintiff to supplement them.[10] In particular, the court ordered Plaintiff to supplement its initial disclosures to include the following: "(1) the subjects of the discoverable information in each witnesses' possession, along with a phone number, if known; (2) a sufficiently detailed list of categories of documents, for instance, financial statements, tax documents, patent prosecution documents, etc.; and (3) the location, including a street address, of the discoverable information."[11] Plaintiff served its supplemental disclosures on November 9, 2009.

## DISCUSSION

Defendants filed the instant motion seeking dismissal of Plaintiff's complaint for failing to comply with the Order and for failure to prosecute.[12] Specifically, Defendants assert that in its supplemental disclosures, Plaintiff did not provide the subjects of discoverable information in each witnesses' possession.[13] Instead, as Defendants explain, Plaintiff listed only one witness, Curt Waisath, and identified him as the "[o]wner of the patent."[14] Defendant further notes that Plaintiff listed Kevin Raulston in the initial disclosures but omitted him completely in the supplemental disclosures.[15]

---

[10] *See* docket no. 26.

[11] Docket no. 26.

[12] *See* docket no 38.

[13] *See* docket no. 39, Exhibit 3.

[14] Docket no. 39, Exhibit 3.

[15] *See* docket no. 39, Exhibit 3.

3

Plaintiff responds by asserting that its supplemental disclosure that Mr. Waisath is the owner of the '851 Patent is sufficient to demonstrate the "subjects of discoverable information" in Mr. Waisath's possession as required by the Order.[16] Plaintiff further asserts that its initial disclosure of Mr. Raulston "satisfied both the requirements of Rule 26 and the Court's Order"[17] and that it was not required to provide any further information regarding Mr. Raulston. The court does not agree.

The court specifically ordered Plaintiff to supplement its initial disclosures by providing the "subjects of the discoverable information in each witnesses' possession, along with a phone number, if known."[18] While Plaintiff did provide a phone number for Mr. Waisath, as ordered, it merely indicated that Mr. Waisath was the "[o]wner of the patent."[19] Plaintiff did not set forth the particular subjects of discoverable information that Mr. Waisath is likely to have.[20] In addition, Plaintiff's omission of Mr. Raulston from the supplemental disclosures, and its assertion that the initial disclosure of him was sufficient under the Order and the rules, is perplexing. Plaintiff's supplemental and initial disclosures are not sufficient under either the Order or the rules. Plaintiff should have included a phone number of Mr. Raulston, as well as

---

[16] Docket no. 26.

[17] Docket no. 42.

[18] Docket no. 26.

[19] Docket no. 39, Exhibit 3.

[20] Docket no. 39, Exhibit 3.

4

the subjects of discoverable information that he is likely to have.[21] The initial and supplemental disclosures fail to explain how Mr. Raulston relates to the case. While Defendants and the court now know that Mr. Raulston is "an officer at CleanCut," we do not know what position he holds or what discoverable information he likely possesses.[22]

Defendants further assert that Plaintiff failed to provide a sufficiently detailed list of categories of documents. Defendants explain that Plaintiff's supplemental disclosures state that "[m]aterials are organized by type and date," but do not detail what the materials are.[23] In response, Plaintiff appears to argue that its initial disclosures, rather than its supplemental disclosures, satisfy the description of documents requirement set forth in the Order and in rule 26.[24] Plaintiff's initial disclosures identified the following: "General Business Documents" and "Documents related to patent."[25] Plaintiff asserts that "[n]either the Court's Order nor Rule 26 require a particularized, itemized list as argued by Defendants. Rather, Rule 26 requires a 'description by category and location.'"[26] Plaintiff then concludes that it has "satisfied both the

---

[21] The court finds it to be highly unlikely that Plaintiff does not possess a phone number for Mr. Raulston, who is, according to the memorandum in opposition to Defendant's instant motion, "an officer at CleanCut." Docket no. 42.

[22] Docket no. 39, Exhibit 3.

[23] Docket no. 39, Exhibit 3.

[24] *See* docket no. 42.

[25] Docket no. 39, Exhibit 2.

[26] Docket no. 42 (quoting Fed. R. Civ. P. 26(a)(1)(A)(ii)).

5

requirements of Rule 26 and the Court's Order regarding discoverable documents." Again, the court does not agree.

This court specifically held that the initial disclosures did not satisfy rule 26.[27] As stated previously, the court ordered Plaintiff to provide "a sufficiently detailed list of categories of documents, for instance, financial statements, tax documents, patent prosecution documents, etc."[28] But Plaintiff's supplemental disclosures state that "[m]aterials are organized by type and date," and, therefore, do not satisfy either rule 26 or the Order.[29] Plaintiff was ordered to specifically set forth the categories or the types of documents in its possession, and it has failed to do so. Accordingly, the court concludes that Plaintiff failed to comply with the Order.

Defendants argue that dismissal is an appropriate sanction in this matter. Under rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure, a court may dismiss a complaint if a party fails to obey an order to provide or permit discovery. *See* Fed. R. C iv. P. 37(b)(2)(A)(v) ("If a party . . . fails to obey an order to provide or permit discovery . . . the court may . . . dimiss[] the action or proceeding in whole or in part."). In addition, rule 41(b) of the Federal Rules of Civil Procedure allows the court to dismiss an action for failure to prosecute or to comply with the rules or any order of the court. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").

---

[27] *See* docket no. 26.

[28] Docket no. 26.

[29] Docket no. 39, Exhibit 3.

Although dismissal is a drastic sanction, it is appropriate in cases of willful misconduct. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992); *Whatcott v. City of Provo*, 231 F.R.D. 627, 631 (D. Utah 2005). The Tenth Circuit has identified five factors a court should consider before dismissing an action:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant . . . ; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance . . . ; and (5) the efficacy of lesser sanctions.

*Ehrenhaus*, 965 F.2d at 921 (quotations and citations omitted). "[S]ome of these factors will take on more importance than others." *Id.* at 922. "Determination of the correct sanction for a discovery violation is a fact-specific inquiry that the district court is best qualified to make." *Id.* at 920.

Here, Defendants argue that Plaintiff has willfully refused to cooperate in the discovery process and has failed to diligently prosecute the case. Defendants assert that they should not have to seek redress from this court, a second time, to receive standard rule 26(a) initial disclosures. Defendants contend that Plaintiff filed the instant matter in October 2008, and has done little since then to provide "meaningful insight into, or factual support for, [its] own claim." *Whatcott*, 231 F.R.D. at 632 (D. Utah 2005). Defendants assert that dismissal is appropriate because in the fourteen months that this case has been pending, Plaintiff has provided no evidence to support its case.

While the court is sympathetic to Defendants' frustration, it does not find that dismissal is the appropriate sanction at this time. However, should Plaintiff continue to engage in

"discovery gamesmanship," Defendants may choose to renew their motion in the future.[30] While the court declined to award attorney fees and costs in the Order, it warned Plaintiff that further subterfuge would likely result in sanctions, including attorney fees. The court believes is the appropriate sanction for failing to comply with the Order.

## RECOMMENDATION

Based on the foregoing, this court **RECOMMENDS** that Defendants' motion be **GRANTED IN PART AND DENIED IN PART**. The court further **RECOMMENDS** that (1) Defendants be awarded their attorney fees and costs associated with bringing this motion and (2) Plaintiff be ordered to supplement its initial disclosures for a third time.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1)(C). The parties must file any objection to this Report and Recommendation within fourteen (14) days after receiving it. *See id.* Failure to object may constitute waiver of objections upon subsequent review. April 6, 2010

DATED this 6th day of April, 2010.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[30] Docket no. 26.