# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| CLEANCUT, LLC, an Arizona entity, **Plaintiff,** v. RUG DOCTOR, a Delaware entity dba Nature's Finest Candles; NATURE'S FINEST CANDLES, a Texas entity; and JOHN DOES 1-10, **Defendants.** | MEMORANDUM DECISION AND ORDER Case No. 2:08cv836 District Judge Dale A. Kimball Magistrate Judge Paul M. Warner |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Rug Doctor, et al.'s (collectively, "Defendants") motion to compel CleanCut, LLC ("Plaintiff") to provide all documents responsive to a subpoena served on Plaintiff's counsel.[2] The court has carefully reviewed the memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 25.

[2] *See* docket no. 32.

Defendants filed the instant motion seeking an order compelling Plaintiff to produce the documents requested in a subpoena directed to counsel for Plaintiff. The subpoena requested the following documents: (1) "[a]ll electronically stored information, documents and things concerning or related to the prosecution or validity of the patent which issued as U.S. Patent No. 7,047,851 (the " '851 Patent")" and (2) "[a]ll electronically stored information, documents and things reflecting communications concerning or related to the prosecution or validity of the patent which issued as the '851 Patent."[3]

Plaintiff has provided (1) an original privilege log, (2) a supplemental privilege log, and (3) a second supplemental privilege log. Because the original privilege log contained only the Bates stamp numbers and a description of the documents, counsel for Defendants contacted counsel for Plaintiff and requested that the privilege log be updated with more detailed information. In particular, Defendants assert that a privilege log should contain all of the following information: (1) the identity and position of its author, (2) the identity and position of the recipient, (3) the date it was prepared or written, (4) the title and description of the document, (5) the subject matter addressed, (6) the purposes for which it was prepared or communicated, (7) the document's present location, and (8) the specific privilege or other reason it is being withheld. *See, e.g.*, *Miller v. Pancucci*, 141 F.R.D. 292, 302 (C.D. Cal. 1992).

In the supplemental privilege log, Plaintiff added the dates the documents were written or prepared but failed to provide any further detail as requested. Counsel for Defendants again contacted counsel for Plaintiff in attempt to obtain a more detailed privilege log. Counsel for

---

[3] Docket no. 33

Plaintiff then provided the second supplemental privilege log, which included the Bates stamp numbers, the date of each document, the author, the recipient, a description of the document, and the specific privilege asserted.

Defendants contend, however, that the second supplemental privilege log is still inadequate because it fails to identify (1) the title of the document, (2) the purposes for which it was prepared or communicated, and (3) the document's present location. The court does not agree. Plaintiff's second supplemental privilege log contains enough information for Defendants to assess the claimed privilege. It is not necessary for Plaintiff to include the specific title of the document or its present location for Defendants to be able to assess each document's claimed privilege. The court further concludes that the description column of the second supplemental privilege log sufficiently provides the purposes for which each document was prepared. As such, the court has determined that Plaintiff's second supplemental privilege log is adequate. *See U.S. ex rel. (Redacted) v. (Redacted)*, 209 F.R.D. 475, 483 (D. Utah 2001) ("The government is ordered to provide . . . a privilege log identifying what documents, if any, are claimed to be subject to privileges, including work product immunity, setting forth as to each document so identified information about the document's author, recipient, date, and the factual basis for the assertion of such privilege or immunity.").

Defendants further contend that the second supplemental privilege log incorrectly asserts an attorney-client privilege over information transmitted to the United States Patent & Trademark Office and that Plaintiff is withholding numerous documents on the grounds that a protective order has not been entered in this matter. To the extent that Plaintiff has withheld

3

documents that are not protected by the attorney-client or work-product privileges, Plaintiff is ordered to produce said documents within fourteen (14) days of this order. Otherwise, Defendants may choose to bring a motion to compel regarding any specific document(s) on the privilege log that they contend should not be protected. In addition, because a protective order has now been entered in this matter,[4] the court orders Plaintiff to provide any documents that were previously withheld on that basis, if it has not done so already.

In addition, it is not lost on the court that Plaintiff did not provide the second supplemental privilege log until after the instant motion was filed and on the same day as it filed its memorandum in opposition to the instant motion. As stated in the Report and Recommendation issued today, the court will not tolerate this type of discovery gamesmanship. Plaintiff should have provided the kind of detail in its original privilege log that it finally provided in its second supplemental privilege log. Defendants should not have to resort to court intervention to get the information to which they are entitled. As such, pursuant to rule 37 of the Federal Rules of Civil Procedure, the court is awarding Defendants their reasonable expenses, including attorney fees, for the instant motion. *See* Fed. R. Civ. P. 37(a)(5)(A).

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides:

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing

---

[4] *See* docket no. 41.

party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

*Id.* The court concludes that (1) Defendants attempted in good faith to obtain an accurate privilege log without resorting to court intervention, (2) Plaintiff's failure to provide sufficient information in its original and supplemental privilege logs was not substantially justified, and (3) there are not other circumstances that would make such an award unjust. *See id.* Consequently, the court has determined that Defendants are entitled to an award of sanctions against Plaintiff under rule 37(a)(5)(A). At the same time, the court recognizes that before any sanctions can be imposed against Plaintiff under rule 37(a)(5)(A), Plaintiff must be provided with an opportunity to be heard on that issue. *See id.* In order to fully inform the court on the issue, and to provide Plaintiff with the requisite opportunity to be heard, the parties are directed to make the following filings. Within fourteen (14) days of the date of this order, Defendants shall file with the court an affidavit and cost memorandum detailing the reasonable expenses, including attorney fees, incurred in bringing the instant motion. Within fourteen (14) days of the filing date of Defendants' affidavit and cost memorandum, Plaintiff shall file a written submission detailing its position on the issue. After receipt of those filings, the court will make a final determination concerning the award of sanctions against Plaintiff.

In summary, Defendants' motion to compel[5] is **GRANTED IN PART AND DENIED IN PART**. The court concludes that Plaintiff's second supplemental privilege log is sufficient. That said, Plaintiff is ordered to provide any previously withheld documents that are (1) not

---

[5] *See* docket no. 32.

protected by the attorney-client or work-product privileges or (2) now covered under the protective order entered in this matter. In addition, the court has preliminarily determined that Defendants are entitled to an award of sanctions. The parties are ordered to brief this issue as outlined above.

**IT IS SO ORDERED.**

DATED this 6th day of April, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge