# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **CLEANCUT, LLC, an Arizona entity,** | **MEMORANDUM DECISION AND ORDER** |
| Plaintiff, | |
| v. | |
| **RUG DOCTOR, a Delaware entity dba Nature's Finest Candles; NATURE'S FINEST CANDLES, a Texas entity; and JOHN DOES 1-10,** | **Case No. 2:08cv836** |
| | **District Judge Dale A. Kimball** |
| Defendants. | **Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Rug Doctor, et al.'s (collectively, "Defendants") motion to compel CleanCut, LLC ("Plaintiff") to provide all documents responsive to Defendants' requests for production.[2] The court has carefully reviewed the memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 25.

[2] *See* docket no. 43.

Defendants filed the instant motion seeking an order compelling Plaintiff to produce all documents responsive to Defendants' requests for production. Defendants assert that in response to their requests, Plaintiff repeatedly indicated that it would produce responsive documents upon the entry of a protective order. Defendants contend that although a protective order was entered on January 14, 2010,[3] Plaintiff failed to produce responsive documents as of the date the instant motion was filed, February 26, 2010. Plaintiff responds by asserting that on March 15, 2010, it produced all documents responsive to Defendants' discovery requests, and, as such, Defendants' motion should be denied.

In their reply brief, Defendants argue that while Plaintiff did finally produce some documents two months after the protective order was entered, they did not do so until the instant motion was filed. In addition, Defendants assert that Plaintiff's document production was inadequate. Specifically, Defendants contend that in response to each of their requests for documents "pertaining to the (1) conception[;] (2) purpose of developing[;] (3) actual reduction to practice[;] (4) design, development, prototyping and testing[;] and (5) analyses or opinions of the subject matter claimed as the invention in any claim of the '851 Patent," Plaintiff produced the same eighteen pages, eleven of which are the '851 Patent itself.[4] Thus, Defendants seek an order compelling Plaintiff to produce all documents responsive to their requests for production.

---

[3] *See* docket no. 41.

[4] Docket no. 48 at 2.

In the meantime, on April 6, 2010, this court granted in part and denied in part Defendants' previous motion to compel.[5] In that memorandum decision and order, this court stated that "because a protective order has now been entered in this matter, the court orders Plaintiff to provide any documents that were previously withheld on that basis if they have not done so already."[6] Accordingly, to the extent that Plaintiff has not complied with the previous order, the court **GRANTS** Defendants' motion and again orders Plaintiff to provide documents responsive to Defendants' requests for production within fourteen (14) days of the date of this order. If Plaintiff contends that all responsive documents have already been produced, Plaintiff shall provide an affidavit to Defendants asserting the same within fourteen (14) days of the date of this order.

**IT IS SO ORDERED.**

DATED this 12th day of May, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[5] *See* docket no. 51.

[6] *Id.* at 4.