IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CLEANCUT, LLC,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>RUG DOCTOR, INC. and NATURE'S FINEST, LLC,<br><br>　　　　　　　Defendants. | ORDER AND<br><br>MEMORANDUM DECISION<br><br><br><br>Case No. 2:08-cv-836 |

　　　　Plaintiff CleanCut, LLC (CleanCut) alleges that Defendants Rug Doctor, Inc. and Nature's Finest, LLC (collectively "Rug Doctor") make and sell a product that infringes the claims of CleanCut's United States Patent No. 7,047,851 (the '851 Patent). The invention of the '851 Patent is a device for trimming the wicks on candles, specifically: "a wick trimmer with a measuring foot that facilitates the effective cutting of a wick to an appropriate length." (Compl. Ex. A, at col. 2, ll. 54-56, Dkt. No. 2.)

　　　　Both parties have filed motions for summary judgment (Dkt. Nos. 146 & 148). Rug Doctor asserts that one of the claim limitations is absent from the accused device and that therefore there can be no direct infringement. See Becton, Dickinson Co. v. Tyco Healthcare Grp., LP, 616 F.3d 1249, 1253 (Fed. Cir. 2010). Rug Doctor points to the claim limitation that states, "wherein said measuring foot thickness determines the length of a wick allowed to remain above a top surface of a candle upon trimming the wick" (the '851 Patent at 4:45 to 8:4). The

court construed the term "determines" to mean "fixes or establishes" (Order 5-6, Mar. 16, 2012, Dkt. No. 142), and Rug Doctor argues that, for its product, it is the user who determines the length of the wick and not the thickness of the measuring foot. But the court finds that this question is disputed, and that a reasonable jury could determine that Rug Doctor's accused product infringes CleanCut's patent. Rug Doctor's claim that CleanCut's patent is invalid because a person of ordinary skill in the art would not be enabled to make and use the device is similarly a question for the jury. As a result, Rug Doctor's motion for summary judgment is DENIED.

The court also DENIES CleanCut's motion for summary judgment, as the motion relies entirely on the declaration of Curt Waisath, the inventor of CleanCut's patent. The court cannot conclude from Mr. Waisath's evaluation alone that there are no disputed issues of material fact, especially as Rug Doctor has raised questions concerning the proper analysis of the court's claim construction.

For the reasons discussed above, both motions for summary judgment are DENIED.

SO ORDERED this 23rd day of July, 2012.

                              BY THE COURT:

                              _____
                              TENA CAMPBELL
                              United States District Judge