IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CLEANCUT, LLC,<br><br>      Plaintiff,<br><br>vs.<br><br>RUG DOCTOR, INC. and NATURE'S FINEST, LLC,<br><br>      Defendants. | ORDER AND<br>MEMORANDUM DECISION<br><br>Case No. 2:08-cv-836<br>Judge Tena Campbell |

  Plaintiff CleanCut, LLC (CleanCut) sued Defendants Rug Doctor, Inc. and Nature's Finest, LLC (collectively "Rug Doctor"), alleging that Rug Doctor's accused product infringed the claims of CleanCut's patent, United States Patent No. 7,047,851 (the '851 Patent). The invention of the '851 Patent is a device for trimming the wicks on candles.

  After a three-day jury trial, the jury found the '851 Patent was valid, and that Rug Doctor was guilty of infringement on a number of claims in the '851 Patent. The jury also found that Rug Doctor's infringement was subjectively willful.

  CleanCut moved for Entry of Judgment, arguing that is was proper because the court has already found that Rug Doctor was objectively willful, and all other conditions have been met. CleanCut also asked the court to enhance damages, award attorneys' fees, grant a permanent injunction, and award post-verdict damages. Rug Doctor filed an Opposition, arguing that the court had not yet determined objective willfulness and that the evidence presented at trial failed to show objective willfulness. Rug Doctor also argued that CleanCut was not entitled to enhanced damages, attorneys' fees, or a permanent injunction. CleanCut filed a Reply, in which

it rebutted Rug Doctor's assertions regarding objective willfulness.[1]

## II. ANALYSIS

Now before the court is CleanCut's Motion for Entry of Judgment (Docket No. 202). For the reasons set forth below, the court grants CleanCut's Motion in part.

**A. Willfulness**

"Under In re Seagate Technology, LLC, a willful infringement determination requires a two-pronged analysis entailing separate objective and subjective inquiries." Powell v. Home Depot, 663 F.3d 1221, 1236 (Fed. Cir. 2011) (citation omitted). Objective willfulness, in the patent infringement context, requires a showing of objective recklessness, or in other words, "a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." In re Seagate Tech., LLC, 497 F.3d 1360, 1371 (Fed. Cir. 2007). The objective prong is a threshold question of law to be decided by the district court. Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc., 682 F.3d 1003, 1006–07 (Fed. Cir. 2012). After the court determines an infringer was objectively willful, the question of subjective willfulness is for the jury to decide. See id. at 1008.

Here, after hearing testimony from the parties, and before instructing the jury about

---

[1] Rug Doctor also filed a Motion for Leave to File a Sur-Reply. "[S]urreplies are permitted only in rare cases where a movant improperly raises new arguments in a reply." Crane v. Memorial Hosp., No. 1:08-cv-59, 2009 WL 742567, at *4 (D. Utah Jan. 26, 2010). CleanCut's reply memorandum did not assert any new arguments that require the use of a surreply, but instead merely supplied authority rebutting Rug Doctor's arguments. As a result, the court denies Rug Doctor's Motion for Leave to File a Sur-Reply. The court, however, would reach the same result on CleanCut's Motion for Entry of Judgment regardless of its consideration of the arguments in Rug Doctor's Surreply.

subjective willfulness, the court determined that Rug Doctor was objectively willful.  (See Jury Trial Tr. for Sept. 20, 2012, at 364, 423, Docket No. 200.)  The court now describes its decision more fully.

      At trial, CleanCut called Mr. Ryan Bonham who had been part owner and president of CleanCut.  He described CleanCut as a small company whose financial success was entirely dependent on the use of the '851 Patent to exclude large competitors from copying CleanCut's wick trimmer invention.  Mr. Bonham testified that in 2006 he and one of his contract salesmen, Mark Holland, made efforts to identify potential customers to whom CleanCut could sell its wick trimmer product.  Mr. Bonham said that through these efforts they identified Rug Doctor as a potential customer, so they sent a sample wick trimmer to one of Rug Doctor's employees, Ms. Michelle Johnson.  Mr. Bonham stated that the sample included a backer card that referred to the existence of the patent, as well as a brochure that referred to the patent.  He also testified that he and Mr. Holland were invited to come meet with Rug Doctor to present the wick trimmer product.  They traveled to one of Rug Doctor's offices in Texas to meet with Ms. Johnson.  During the meeting they told Ms. Johnson that the wick trimmer was subject to a pending United States patent, which had already been allowed and would issue shortly.  Mr. Bonham emphasized that their primary sales pitch to Rug Doctor was based on the fact they had a patented product that could exclude competitors to increase sales.  Mr. Bonham also testified that his next contact with Ms. Johnson was in 2008 after Rug Doctor had been warned it was infringing the '851 Patent by selling the wick trimmer product.  He testified that when he contacted Ms. Johnson, she told him they would stop selling the wick trimmers, but only if CleanCut paid Rug Doctor for the costs of importing the allegedly infringing wick trimmers.

Ms. Johnson testified at trial. She acknowledged that she had received the sample wick trimmer. According to Ms. Johnson, she had met with Mr. Holland to discuss the wick trimmer, but that it was only a routine sales visit and that he, on his own, presented the wick trimmer. Ms. Johnson denied ever meeting with Mr. Bonham. Ms. Johnson also denied hearing about the patent until much later. Ms. Johnson testified that a few months after meeting with Mark Holland, she began looking for sources in China to buy wick trimmers. Then, according to Ms. Johnson, Rug Doctor ordered around 38,000 wick trimmers. They arrived from China in fall of 2006, and Rug Doctor offered them for sale.

Mark Holland was CleanCut's next witness. Mr. Holland's testimony corroborated the testimony of Mr. Bonham: that the two men had met with Ms. Johnson in Texas to discuss the wick trimmer and had repeatedly emphasized that the wick trimmer was patented.

Based on the testimony the court found that CleanCut's evidence met the clear and convincing standard required to fulfill the objective test of willfulness. The court instructed the jury on willfulness, and the jury found by clear and convincing evidence that Rug Doctor had acted willful.

**B. Enhanced Damages**

The Patent Act grants the court discretion to "increase the damages up to three times the amount found or assessed" by the jury. 35 U.S.C. § 284 (2006). "The paramount determination in deciding to grant enhancement and the amount thereof is the egregiousness of the defendant's conduct based on all the facts and circumstances." Read Corp. v. Portec, Inc., 970 F.2d 816, 826 (Fed. Cir. 1992) abrogated in part on other grounds, Markman v. Westview Instruments, Inc., 52 F.3d 967, 975–78 (Fed. Cir. 1995). A court must consider the nine Read factors in deciding

whether to enhance damages: "(1) whether the infringer deliberately copied the ideas or design of another; (2) whether the infringer, when he knew of the other's patent, investigated the patent and formed a good faith belief that it was invalid or that it was not infringed; (3) the infringer's behavior in the litigation; (4) the infringer's size and financial condition; (5) the closeness of the case; (6) the duration of the misconduct; (7) the remedial action by the infringer; (8) the infringer's motivation for harm; and (9) whether the infringer attempted to conceal its misconduct." Spectralytics, Inc. v. Cordis Corp., 649 F.3d 1336, 1348 (Fed. Cir. 2011) (citing Read, 970 F.2d at 826–27); see also K-TEC v. Vita-Mix, 765 F. Supp. 2d 1304, 1313 (D. Utah 2011). "[A] range of enhancement is possible," from no enhancement up to treble damages. Transclean Corp. v. Bridgewood Servs., Inc., 290 F.3d 1364, 1377–78 (Fed. Cir. 2002).

### 1. Deliberate Copying

Rug Doctor's willful decision to offer substantially similar wick trimmers for sale weighs heavily in favor of enhanced damages. Ms. Johnson's testimony indicates that she relied on the CleanCut sample product when shopping for other wick trimmers from Chinese manufacturers. And it is apparent from the exhibits at trial that the CleanCut wick trimmer and the Rug Doctor wick trimmer that they are substantially similar in size, shape, and function as the CleanCut wick trimmer. The jury considered the two trimmers and found the one imported by Rug Doctor was so close a copy that it infringed the claims in the '851 Patent.

### 2. Investigation and Belief about Validity and Infringement

This factor weighs in favor of enhanced damages. The evidence at trial indicates that Rug Doctor was informed of the '851 Patent at the same time Ms. Johnson received the sample wick trimmer. There is no indication that Ms. Johnson or anyone at Rug Doctor investigated to

determine whether the wick trimmers they ordered from China would infringe the CleanCut patent. Nor is there evidence that Rug Doctor conducted any kind of patent validity investigation until far later, after being accused of infringement. And while a defendant is entitled to mount a vigorous defense, it was clear from the evidence and the jury's verdict that Rug Doctor's invalidity defense was not persuasive.

### 3. Litigation Behavior

This factor does not favor either side. Neither party has engaged in behavior that is abusive or could be labeled as misconduct.

### 4. Size and Financial Condition

This factor weighs in favor of enhanced damages. Rug Doctor is a moderately sized company that has over 33,000 rental racks in grocery stores and similar venues across the nation. Rug Doctor introduced no evidence of financial hardship. The jury awarded only $4,622 as a result of the infringement.

### 5. Closeness of the Case

This factor weighs in favor of enhanced damages. The evidence at trial showed that the decisions made by the jury were not close calls. Prior to trial, the court was unable to grant summary judgment in favor of either side because of disputed fact issues that had to be resolved by a fact-finder. Two core issues were presented to the jury: invalidity and infringement. At trial, Rug Doctor's evidence of invalidity and infringement were weak. In contrast, CleanCut introduced evidence showing Rug Doctor had selected and sold a wick trimmer that was a close copy to CleanCut's wick trimmer, including features ranging from having the same decorative finish to having similar manufacturing defects. The jury considered all these facts, and returned

a verdict that was resoundingly in favor of CleanCut on all points. The above evidence, coupled with the court's and the jury's determination that Rug Doctor had acted willfully when it infringed, show that this is not a close case.

### 6. Duration of Infringement

This factor does not favor enhanced damages. As noted in Funai Electric Company, Ltd. v. Daewoo Electronics Corporation, the focus of the duration inquiry is on "whether or not the infringer has continued to infringe after there has been a judicial finding that a particular device infringes the asserted patent." 593 F.Supp.2d 1088, 1116 (N.D. Cal. 2009). While it is true that Rug Doctor's infringement lasted two years, and would have lasted longer had CleanCut not discovered that Rug Doctor was offering an infringing product for sale, it is also true that the conduct stopped as soon as Rug Doctor was accused of infringement.

### 7. Remedial Action

This factor does not favor enhanced damages. As soon as CleanCut accused Rug Doctor of infringement, Rug Doctor stopped selling the wick trimmers and stored the remaining inventory in a warehouse, where they have been quarantined ever since.

### 8. Motivation to Harm

This factor weighs in favor of enhanced damages. The evidence at trial shows that Rug Doctor was informed of the '851 Patent at the same time it received the sample wick trimmer. Rug Doctor then willfully tried to circumvent CleanCut's patent by searching for a cheaper supplier in China, without ever investigating if the product they wanted to import would infringe the patent. Rug Doctor's conduct shows that it wished to directly compete with CleanCut and to harm its ability to profit from the patent. As stated in Funai Electric, "[a] company intentionally

7

undertaking the risk of importing infringing products and engaging in an aggressive strategy unsupported by competent legal advice of counsel is exactly the type of activity the increased damage reference in the patent law seeks to protect." 593 F.Supp.2d at 1117 (quoting Domestic Fabrics Corp. v. Sears, Roebuck & Co., 326 F.Supp.2d 694, 700 (E.D.N.C. 2004)).

### 9. Concealment

This factor weighs in favor of enhanced damages. There was no evidence of concealment until trial, when Ms. Johnson testified that she never met with Mr. Bonham. But Mr. Bonham and Mr. Holland testified they had met with her, and had told her about the '851 Patent. Both the jury and the court found Mr. Bonham and Mr. Holland more credible, which means that Ms. Johnson attempted to conceal information regarding when Rug Doctor learned of the patent. That said, there are no other allegations or indications that Rug Doctor has attempted to conceal or destroy relevant evidence. Therefore, the court finds this factor weighs only slightly in favor of enhanced damages.

In sum, there are six factors that weigh in favor of enhancement, and only two factors that weigh against enhancement. Considering all the factors discussed above, as well as the facts and circumstances unique to this case, the court concludes that an enhancement of double damages is warranted. There is a spectrum of improper conduct, and though Rug Doctor's conduct was not at the most egregious end of the spectrum, it was certainly not blameless. A doubling of the damages acknowledges that this is not a polar case.

## C. Attorneys' Fees

"The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285 (2006). The Federal Circuit has instructed that when faced with a

request for attorney fees, a court must conduct a two-step inquiry. The court must "determine whether there is clear and convincing evidence that the case is 'exceptional,' and, if so, whether an award of attorney fees to the prevailing party is warranted." Interspiro USA, Inc. v. Figgie Int'l, Inc., 18 F.3d 927, 933 (Fed. Cir. 1994).

The jury found—and the record supports its finding—that CleanCut proved by clear and convincing evidence that Rug Doctor's infringement was willful. This finding, by itself, could be sufficient to qualify this case as "exceptional." See Del Mar Avionics, Inc. v. Quinton Instrument Co., 836 F.2d 1320, 1329 (Fed. Cir. 1987). But an award of attorney fees is not automatic even when a jury finds that infringement was willful. Brooktree Corp. v. Advanced Micro Devices, Inc., 977 F.2d 1555, 1582 (Fed. Cir. 1992). A court should look at all the circumstances of the case, including any litigation misbehavior and if the prevailing party received an award of enhanced damages. Id.

Rug Doctor's conduct did not rise to the level necessary for the court to impose attorney fees. As recognized above, this is not a polar case: Rug Doctor has only been penalized with a doubling of damages. And although the jury found that it willfully infringed, Rug Doctor did not behave improperly during litigation, as discussed above. For those reasons, the court concludes that this is not an "exceptional" case that warrants an award of attorneys' fees.

**D. Permanent Injunction**

The court may grant injunctions "to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283 (2006). However, "[a]n injunction does not necessarily follow a determination that a patent has been infringed." Innogenetics, N.V. v. Abbott Labs., 512 F.3d 1363, 1379 (Fed. Cir. 2008). The court should

grant injunctive relief only if a plaintiff shows that (1) it has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, the balance favors the plaintiff and an equitable remedy is warranted; and (4) the public interest would not be disserved by a permanent injunction.  eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006); Acumed LLC v. Stryker Corp., 551 F.3d 1323, 1327 (Fed. Cir. 2008).  The decision whether to grant injunctive relief "rests within the equitable discretion of the district courts." eBay, 547 U.S. at 394.

      CleanCut has failed to properly argue its motion for an injunction.  CleanCut does not state how all four of the eBay factors apply, but instead in four short sentences merely requests an injunction and describes the desired scope of that injunction.  A plaintiff seeking an injunction has the burden of showing why an injunction is warranted, which should include an analysis of all the eBay factors.  See id. at 391 ("A plaintiff must demonstrate: [the four eBay factors]."); Verizon Servs Corp. v. Vonage Holdings Corp., 503 F.3d 1295, 1310 (Fed. Cir. 2007) ("[T]he four prongs of the test for issuance of an injunction . . . require a plaintiff seeking an injunction to demonstrate: [the four eBay factors].").  The court will deny the motion without prejudice and allow CleanCut to properly renew the request for an injunction if so desired.

### III. CONCLUSION

      For the reasons discussed above, Rug Doctor's Motion for Leave to File Sur-Reply (Docket No. 206) is DENIED; and

      CleanCut's Motion for Entry of Judgment (Docket No. 202) is GRANTED IN PART and DENIED IN PART as follows:

- CleanCut's motion to find that Rug Doctor was objectively willful is GRANTED;

- CleanCut's motion to enhance damages is GRANTED, and the damages awarded by the jury are HEREBY doubled;

- CleanCut's motion for attorneys' fees is DENIED;

- CleanCut's motion for a permanent injunction is DENIED WITHOUT PREJUDICE.

CleanCut is directed to submit a proposed judgment form to the court.

SO ORDERED this 4th day of February, 2013.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge