IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| **CLEANCUT, LLC,** an Arizona entity,<br><br>Plaintiff,<br><br>v.<br><br>**RUG DOCTOR,** a Delaware entity dba Nature's Finest Candles; **NATURE'S FINEST CANDLES,** a Texas entity,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:08cv836<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Paul M. Warner |

Before the court is Rug Doctor and Nature's Finest Candles (collectively, "Defendants") Motion for Court to Review Clerk's Taxation of Costs.[1] CleanCut, LLC ("Plaintiff") filed its Bill of Costs on December 15, 2014. Defendants filed an objection and Plaintiff replied. On February 13, 2015, the Clerk of Court assessed costs in the amount of $3651.00 for Plaintiff against Defendants. On February 20, 2015, Defendants filed the instant motion seeking review and reversal of the Clerk's Taxation of Costs.

Under 28 U.S.C. § 1920 and rule 54(d)(1) of the Federal Rules of Civil Procedure, the Clerk of Court can tax various costs associated with litigation against the losing party. Under DUCivR 54-2, the losing party can move the court to review the taxation of costs by filing a motion within seven days of the entry of the Clerk's action on the docket, which Defendants timely did.

---

[1] *See* docket no. 226.

Defendants argue that Plaintiff is not entitled to any recovery of costs. In particular, Defendants assert that the Bill of Costs is (1) untimely, (2) violates local civil rule 54-2 and is procedurally deficient, (3) improperly seeks recovery of costs for a private process server, (4) requests recovery of improper transcript fees, and (5) seeks recovery of improper copying costs. The court will address each argument in turn.

### (1) Timeliness

Defendants argue that Plaintiff's Bill of Costs is untimely because final judgment was deemed entered on July 5, 2013. Specifically, Defendants contend that under Rule 58 of the Federal Rules of Civil Procedure, the February 5, 2013 order denying without prejudice Plaintiff's motion for a permanent injunction operates as a final judgment in this case. Rule 58 requires that every judgment be set out in a separate document. *See* Fed. R. Civ. P. 58(a). Although a judgment is not considered entered until the district court has set it out in a separate document, a judgment is deemed entered 150 days after an order disposing of the case is filed on the docket. *See Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1170-71 (10th Cir. 2013); *see also* Fed. R. Civ. P. 58(c)(2). Thus, Defendants conclude, final judgment was deemed entered on July 5, 2013, and Plaintiff's Bill of Costs was untimely as it was not filed until December 15, 2014. *See* DUCivR 54-2(a) ("Within fourteen (14) days after entry of final judgment, the party entitled to recover costs must file a bill of costs . . . ").

The court's February 5, 2013 order denied without prejudice Plaintiff's motion for permanent injunction, thereby allowing Plaintiff to renew the request for a permanent injunction. In that order, the court further instructed counsel to submit a proposed judgment form to the court. On March 31, 2014, Plaintiff filed a motion for entry of judgment and renewed its request

for a permanent injunction.[2]  The court granted Plaintiff's motion on October 1, 2014, and entered judgment and a permanent injunction on December 1, 2014.[3]  Accordingly, this court concludes that Plaintiff's Bill of Costs was timely, as it was filed fourteen days after entry of final judgment.

### (2)  Local Rule 54-2(a)

Defendants argue that Plaintiff's Bill of Costs violates local civil rule 54-2(a) by failing to "include copies of applicable invoices, receipts, and disbursement instruments."  DUCivR 54-2(a).  Defendants contend that the single internal report of from counsel is insufficient to allow proper review of Plaintiff's costs.  However, as noted by the Clerk of Court, Plaintiff provided additional documentation in its reply brief in support of its Bill of Costs.  This court agrees and concludes that Plaintiff's Bill of Costs and supplementation is sufficient to meet the requirements of local rule 54-2.

### (3)  Private Process Server

Defendants assert that Plaintiff improperly seeks to recover its fees for the use of a private process server.  Defendants contend that 28 U.S.C. § 1920 allows taxation of the costs of service of process only if service is effectuated by the United States Marshal Service ("USMS"), not when performed by a private process server.  The Clerk of Court noted that the District of Utah does not interpret the statute so narrowly and allows taxation of reasonable process fees of private process servers.

---

[2] *See* docket no. 209.

[3] *See* docket no. 214.

Courts generally allow service fees to private process servers as taxable up to the amount that would have been incurred if the USMS had effected service. *See, e.g.*, *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996). The fee for personal service required by the USMS was $45 per hour plus travel costs and other out-of-pocket expenses at the time the complaint was filed and served. *See* 28 CFR 0.114(a). In the Bill of Costs, Plaintiff seeks to recover $185.00 for service of the summons and complaint. This amount appears to be reasonable and commensurate with the amount that the USMS would have charged had it effected service.

### (4) Transcript Fees

Defendants argue that because Plaintiff did not provide sufficient evidence that the transcript fee charges were "necessarily obtained for use in the case," they should not be allowed. 28 U.S.C. § 1920(2). Plaintiff seeks costs in the amount of $1,887.00 for transcripts of the trial and for post verdict motions. While Defendants note that, in general, daily or expedited transcript fees are not properly taxable, this court's review of the docket in this matter demonstrates that the transcripts sought by Plaintiff were not daily or expedited transcripts. As such, this court concludes that the transcripts were reasonably necessary to the litigation of this case and are therefore proper. *See U.S. Industries, Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir. 1988).

### (5) Printing and Copies

Defendants contend that some of the copy costs were merely for convenience of counsel and not taxable as "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The Clerk found the number of copies reasonable, sufficiently itemized and verified. This court agrees and likewise finds that the costs associated with Plaintiff's copies to be reasonable given the

protracted nature of this case.  Accordingly, the court finds no basis for altering the Clerk's award of copying costs to Plaintiff.

Based on the foregoing, this court concludes that the Clerk's Taxation of Costs in the amount of $3,651.00 is reasonable and proper.  Accordingly, Defendants' motion seeking reversal of the clerk's taxation of costs is **DENIED**.

IT IS SO ORDERED.

DATED this 22nd day of September, 2015.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

protracted nature of this case.  Accordingly, the court finds no basis for altering the Clerk's award of copying costs to Plaintiff.

Based on the foregoing, this court concludes that the Clerk's Taxation of Costs in the amount of $3,651.00 is reasonable and proper.  Accordingly, Defendants' motion seeking reversal of the clerk's taxation of costs is **DENIED**.

IT IS SO ORDERED.

DATED this 22nd day of September, 2015.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge